UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORISONS UNLIMTED, et. al.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>SANTA CRUZ-MONTEREY-MERCED MANAGED MEDICAL CARE COMMISSION dba CENTRAL CALIFORNIA ALLIANCE FOR HEALTH, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. CV F 14-0123 LJO MJS<br><br>**ORDER TO DENY INJUNCTIVE RELIEF**<br>(Doc. 2.) |

## PRELIMINARY STATEMENT

Judges in the Eastern District of California carry a voluminous caseload, the heaviest in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters presented by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Dianne Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action.

## BACKGROUND

Plaintiffs Horisons Unlimited ("HU") and Horisons Unlimited Health Care (collectively "plaintiffs") own and operate healthcare clinics in Merced County. Defendant Santa Cruz-

1

Monterey-Merced Managed Medical Care Commission dba Central California Alliance for Health ("Alliance"), pursuant to agreements with the California Department of Health Care Services, arranges health care for Merced County Medi-Cal patients. To that end, Alliance and HU entered into a Primary Care Physician Services Agreement ("services agreement") by which HU became an Alliance member to provide healthcare services to Merced County Medi-Cal patients. The services agreement requires HU's healthcare providers to meet Alliance's credentialing standards.

On January 28, 2014, plaintiffs filed this action and papers seeking injunctive relief. This Court construes plaintiffs' disjointed, verbose papers to: (1) complain that Alliance's delays to credential plaintiffs' healthcare providers result in denial of enrollment of new member patients for plaintiffs; and (2) seek injunctive relief to in effect compel Alliance to no less than temporarily credential plaintiffs' healthcare providers so that they can treat Medi-Cal patients.

## DISCUSSION

### Injunctive Relief Standards

Plaintiffs fail to meet their burden for injunctive relief.

F.R.Civ.P. 65(b)(1)(A) permits a TRO "only if" "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S.Ct. 365, 375 (2008). To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Winter*, 129 U.S. at 374. In considering the four factors, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 129 S.Ct. at 376 (quoting *Amoco Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 542 (1987)); *Indep. Living Ctr. of S. Cal., Inc. v.*

*Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009).  Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997) (citation omitted).

With these standards in mind this Court turns to impediments to plaintiffs' requested injunctive relief.

### Likelihood Of Success On Merits

Pursuant to *Winter*, plaintiffs must make a "clear showing" that they are "likely to succeed on the merits." *Winter*, 129 S.Ct. at 375-376; *Stormans, Inc. v. Selecky*, 571 F.3d 960, 978 (9th Cir. 2009).

As to likelihood of success on the merits, plaintiffs champion their antitrust and civil rights claims.  Plaintiffs fail to demonstrate likelihood of success on the merits on such claims to support injunctive relief.  Plaintiffs' injunctive relief papers, in large part, simply repeat their complaint, nearly verbatim at points.  Plaintiffs fail to identify elements of their claims and to demonstrate how they are likely to satisfy such elements.  Plaintiffs largely rely on impertinent legal conclusions and fail to summarize their particular claims.  Moreover, this Court questions whether plaintiffs' claims would survive F.R.Civ.P. 12(b)(1) or 12(b)(6) dismissal.

### Irreparable Injury Absent Injunctive Relief

"Preliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 129 S.Ct. at 375) (noting that the Supreme Court in *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test).  "Typically, monetary harm does not constitute irreparable harm." *Cal Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009).  "Economic damages are not traditionally considered irreparable because the injury *can later be remedied by a damage award*." *Cal Pharmacists,* 563 F.3d at 852 (italics in original).  However, "intangible injuries, such as damage to . . . goodwill qualify as irreparable harm." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc*., 944 F.2d 597, 603 (9th Cir. 1001).

Plaintiffs fail to establish that they will suffer irreparable injury in the absence of

3

equitable relief. The record suggests that this matter is a contract dispute subject to interpretation and application of the services agreement. As such, economic damages are available to plaintiffs if they are able to demonstrate breach of the services agreement. There is no sufficient evidence of damage to plaintiffs' goodwill to qualify as irreparable harm.

### Balance Of Equities

The purpose of preliminary injunctive relief is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Plaintiffs fail to demonstrate that the balance of equities merits requested injunctive relief. The record hints that plaintiffs attempt to circumvent services agreement credentialing to attract or maintain healthcare providers. Plaintiffs' claims, when distilled, address predominantly contract issues not subject to injunctive relief. Nothing demonstrates this Court's need to intervene to preserve the balance of equities.

### Public Interest

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 129 S. Ct. at 376-77 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)). "The public interest analysis for the issuance of a preliminary injunction requires [the Court] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Indep. Living Ctr., So. Cal. v. Maxwell-Jolly*, 572 F.3d 644, 659 (2009).

No meaningful public interest supports injunctive relief. Granting the requested injunctive relief could expose plaintiffs' patients to treatment by healthcare providers who are unqualified or who fail to meet minimal Medi-Cal standards.

### Unworkable Relief

Plaintiffs seek unworkable injunctive relief. In essence, plaintiffs seek affirmative relief and this Court's intervention into Alliance's credentialing of plaintiffs' healthcare providers, a matter subject to the services agreement. Plaintiffs ask this Court to override services agreement provisions so that they are not enforced. Plaintiffs offer no legal authority to empower this Court to issue such relief. "Injunctive relief could involve extraordinary

supervision by this court. Injunctive relief may be inappropriate where it requires constant supervision." *Natural Resources Defense Council, Inc. v. U.S. E.P.A.,* 966 F.2d 1292, 1300 (9th Cir. 1992). This Court is unable to monitor credentialing and new member enrollment as plaintiffs seek. This Court is not, and cannot be, an overseer of the services agreement.

### Presence Of A Government Agency

A further problem for plaintiffs is that they seek injunctive relief against a public entity and officials, including Merced County and its supervisors.

When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, if anything, strengthened because of federalism concerns," *Gomez,* 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" *Gomez*, 255 F.3d at 1128 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

Federalism concerns and potential disruption of a local public entity and officials raise further grounds to support denial of injunctive relief.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES plaintiffs injunctive relief and further relief requested in its papers (doc. 2).

IT IS SO ORDERED.

Dated:   **January 29, 2014**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE