**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HORISONS UNLIMITED and HORIZONS UNLIMIED HEATH CARE,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA CRUZ-MONTEREY-MERCED MANAGED MEDICAL CARE COMMISSION d/b/a CENTRAL CALIFORNIA ALLIANCE FOR HEALTH, THE COUNTY OF MERCED, and THE BOARD OF SUPERVISORS OF THECOUNTY OF MERCED AND THE INDIVIDUAL MEMBERS THEREOF,<br><br>Defendants. | 1:14-CV-00123-LJO-MJS<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING (Docs. 20, 23)** |

    Defendants Santa Cruz-Monterey-Merced Managed Medical Care Commission d/b/a Central California Alliance for Health ("Alliance") and the County of Merced ("the County") in their respective motions to dismiss Plaintiffs Horisons Unlimited and Horisons Unlimited Health Care's (collectively, "Horisons" or "Plaintiffs") complaint argue that Horisons' Sherman Act claim against Defendants is deficient due to an antitrust exemption contained in 42 U.S.C. 1396u-2(a)(3)(C).  (Doc. 21, pp. 16-18; Doc. 23, p. 4).  Specifically, Defendants argue that a note, referred to in the statute as "42 U.S.C. § 1396b note," exempts Merced County from antitrust laws.  The County further argues that if Alliance's position as the sole Medi-Cal managed care entity in Merced County is construed as an unlawful monopoly, "then the Social Security Act provision would be repugnant to the Sherman Antitrust Act." (Doc. 21, p. 17).  The County argues that the 42 U.S.C. § 1396b note "expressly exempts Merced County" and that this confers implied antitrust immunity upon the County.  *Id*. at 16-

1

18 (citing *Phonetele, Inc. v. AT&T Co.*, 634 F. 2d 716, 731-732 for its discussion of when a regulatory mandate is sufficient to confer implied antitrust immunity).

The Court ORDERS Defendants to submit supplemental briefing not to exceed 10 pages in length as to this defense raised by Defendants by no later than May 16, 2014.  Specifically, the parties should address how the 42 U.S.C. § 1396b note modifies 42 U.S.C. 1396u-2 with supporting attachments[1] of excerpts of the public law(s) containing the 42 U.S.C. § 1396b note and of any and all other relevant public laws or statutes modified by the 42 U.S.C. § 1396b note.  Defendants should also clarify their argument as to whether 42 U.S.C. 1396u-2(a)(3)(C) confers express or implied antitrust exemption upon Merced.  In addition, Defendants should address the claimed statutory conflict between the Sherman Act and 42 U.S.C. 1396u-2 including what, if any, relevance *Phonetele*'s implied antitrust immunity analysis has to the instant case where no regulatory agency is involved and the claimed repugnancy is between two federal statutes.

Plaintiffs may file a response of equal length by May 23, 2014.

If Defendants fail to submit the supplemental briefing in accordance with this Court's ORDER, the Court will construe argument discussed herein as waived.

IT IS SO ORDERED.

Dated:   **May 9, 2014**         /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE

---

[1] The limit on page length does not include such attachments.